UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NIDAMARK KING,

                Petitioner,          MEMORANDUM & ORDER
                                                    11-CV-2000 (JS)
    -against-

VINCENT F. DEMARCO, SHERIFF OF
SUFFOLK COUNTY, ET AL.,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:   Nidamark King, pro se
                  Suffolk County Correctional Facility
                  110 Center Drive
                  Riverhead, NY 11901

For Respondent:   No appearances.

SEYBERT, District Judge:

        Nidamark King, pro se, petitions for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. Among other things, Mr. King alleges that the photo array shown to a witness was impermissibly suggestive.

        Mr. King may have a cognizable habeas corpus claim. But the Court cannot tell from his Petition. Among other things, Mr. King does not plead when his conviction became final, or when the state courts denied post-conviction motions that he may have filed. Indeed, from Mr. King's Petition, the Court cannot even determine if he has been convicted, or if he is just in jail pending trial, having failed to meet bail. See Pet. ¶ 2 ("the applicant is in jail, due to the State action

he's attacking"). Consequently, based on Mr. King's Petition, the Court cannot tell whether his Petition is either timely or ripe. See 28 U.S.C. § 2244(d) (providing a one year deadline for filing a § 2254 claim, subject to tolling during "properly filed application for State post-conviction or other collateral review").

Similarly, it is unclear, at best, if Mr. King has exhausted state court remedies. In this regard, the Court notes that, although Mr. King claims to have filed "a writ of habeas corpus to the State Court," the actual document that he refers to (Pet. Ex. A) is a pre-trial suppression motion submitted to the trial court.[1] And, although submitting this motion to the trial court, Mr. King has not alleged any facts suggesting that he "present[ed] the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003).

In short, Mr. King has not pled sufficient facts to enable the Court to either dismiss his § 2254 Petition, or impose the burden on Respondent of answering it. Consequently, the Court sua sponte dismisses it without prejudice. See

---

[1] Mr. King also claims to have filed a "motion." But the document he refers to in this context (Pet. Ex. B.) is not a motion. Instead, it could best be described as a Declaration from two individuals: a "Jeehan Diab," and a second person with an indecipherable signature.

Coppedge v. DeMarco, 11-CV-0455, 2011 WL 809438, at *1 (E.D.N.Y. Feb. 25, 2011) (sua sponte dismissing for failure to exhaust state court remedies).

The defects in Mr. King's Petition may, however, be only technical, not substantive. So the Court will not close this case. Instead, the Court will give Mr. King the chance to re-plead. Within sixty (60) days of this Order, Mr. King may file an Amended Petition. This Amended Petition should set forth, in significantly greater detail, the procedural history of Mr. King's prosecution, conviction (if any), appeals (if any), and post-conviction motions (if any). If Mr. King fails to file such an Amended Petition within sixty days, the Court will direct the Clerk of the Court to close this case.

If Mr. King declines to file an Amended Petition and, instead, attempts to appeal, the Court sets forth that it will not issue a Certificate of Appealability pursuant to 28 U.S.C. 253(c)(1). For, pursuant to 28 U.S.C. 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                      SO ORDERED

                                      /s/ JOANNA SEYBERT_____
                                      Joanna Seybert, U.S.D.J.

Dated:    April  28 , 2011
           Central Islip, New York