UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NIDAMARK KING,

     Petitioner,    MEMORANDUM & ORDER
                11-CV-2000 (JS)
 -against-

VINCENT F. DEMARCO, SHERIFF OF
SUFFOLK COUNTY, ET AL.,

     Respondent.
----------------------------------------X
APPEARANCES:
For Petitioner: Nidamark King, pro se
       Suffolk County Correctional Facility
       110 Center Drive
       Riverhead, NY 11901

For Respondent: No appearances.

SEYBERT, District Judge:

   Nidamark King, pro se, ("Petitioner") submits an amended petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254 (2006). For the following reasons, his amended petition is sua sponte DISMISSED.

## BACKGROUND

   Petitioner asserts that he is in state custody as a pre-trial detainee awaiting trial for a robbery that occurred in Suffolk County in 2008. Am. Pet. ¶ 2. He states that jury selection for his trial was scheduled to begin on May 18, 2011, the day after his Petition was submitted to this Court. Am. Pet. ¶ 7. Nonetheless, Petitioner alleges that his pretrial detention violates his Fourteenth Amendment due process rights

because it lacks probable cause, as a photo array shown to a witness was impermissibly suggestive. Am. Pet. ¶¶ 11, 14-16. Additionally, he challenges the fixing of pretrial bail as excessive in violation of the Eighth Amendment. Am. Pet. Ex. A.

DISCUSSION

I. The Exhaustion of Remedies Requirement

It is unclear whether Petitioner's prayer for habeas corpus relief from pretrial state detention is properly brought under § 2254 or the more general § 2241. Section 2254 applies in petitions for relief from state court judgments. If the meaning of "judgment[s]" is limited to convictions, § 2254 is an improper vehicle for Petitioner to attack his pretrial detention. Montaya v. Atty. Gen. of N.Y., 1987 WL 6405 at *1 (E.D.N.Y. Jan. 28, 1987). Instead, the broader § 2241 applies. See, e.g., U.S. ex rel. Scranton v. N.Y., 532 F.2d 292, 294 (2d Cir. 1976); Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008). Section 2254 has been cited, however, in denying relief to pretrial detainees, thus extending the meaning of "judgment[s]" beyond only convictions. See, e.g., U.S. ex rel. Daniels v. Johnston, 328 F. Supp. 100, 109 (S.D.N.Y. 1971); Kane v. Va., 419 F.2d 1369 (4th Cir. 1970); Brown v. Rayfield, 320 F.2d 96 (5th Cir.), cert denied, 357 U.S. 902, 84 S. Ct. 194, 11 L. Ed. 2d 143 (1963). This Court declines to rule on applicability of § 2254. Instead, it recognizes that under

either § 2254 or § 2241, a petitioner seeking relief from state court detention is required to exhaust state remedies before his federal habeas corpus petition will be considered. 28 U.S.C. § 2254(b)(1)(A); Scranton, 532 F.2d at 294.

Section 2254 explicitly requires that a petitioner exhaust his state court remedies. § 2254(b)(1)(A). It demands that, absent extraordinary circumstances, a petitioner seeking federal habeas corpus relief from a state court judgment either exhaust or demonstrate the absence of available state corrective processes. Id.

While § 2241 does not explicitly require the exhaustion of state remedies as a prerequisite to the grant of habeas corpus relief, decisional law has imposed the requirement to accommodate the principles of federalism. Scranton, 532 F.2d at 294; Ex parte Royall, 117 U.S. 241, 249, 6 S. Ct. 734, 29 L. Ed. 868 (1886) ("[T]he public good requires that those relations [between state and federal courts] be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."). Pertinently, the requirement prevents the "derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Williams v. Horn, 2006 WL 2333874 at *1 (E.D.N.Y. Aug. 9, 2006) (quoting Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489, 90 S. Ct.

3

1123, 1127, 35 L. Ed. 2d 443 (1973)). Accordingly, absent special circumstances, a petition for a writ of habeas corpus will be sua sponte dismissed where the petitioner fails to demonstrate his exhaustion or the absence of available state remedies. See Coppedge v. DeMarco, 2011 WL 809438, at * 1 (E.D.N.Y. Feb 25, 2011) (sua sponte dismissing for failure to exhaust state court remedies).

State remedies are deemed exhausted when a petitioner has "presented the federal constitutional claim asserted in the petition to the highest state court . . . and informed that court (and lower courts) about both the factual and legal bases for the federal claim." Ramirez v. Atty. Gen. of N.Y., 280 F.3d 87, 94 (2d Cir. 2001). Therefore, until the highest state court has had an opportunity to consider and, if necessary, correct alleged violations of federal rights, a federal writ of habeas corpus will be granted only in "special circumstances requiring immediate action." Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004); Braden, 410 U.S. at 489.

II. Petitioner has not Exhausted his Available State Remedies

A. Fourteenth Amendment Claim

Petitioner has not demonstrated that he has exhausted all available state corrective processes regarding his claim that he is being detained in violation of his Fourteenth

4

Amendment rights. In fact, he states that not even the trial court, much less the highest state court, has had an opportunity to correct the alleged violation of his constitutional rights. See Am. Pet. ¶ 7 ("No decisions have been rendered and petitioner has been told to prepare for trial."). At trial, Petitioner must assert the constitutional claims for which he seeks habeas corpus relief from this Court. Further, if Petitioner is (or has already been) convicted, he must avail himself of all available post-conviction state court remedies, including appeals and post-conviction motions. Only after Petitioner has no further opportunity to raise the question presented by his Fourteenth Amendment claims in state court will this Court consider his Petition. Braden, 410 U.S. at 489. Accordingly, Petitioner's application arguing that his detention violates his Fourteenth Amendment rights is sua sponte dismissed.

B. Eighth Amendment Claim

Nor has Petitioner exhausted his state remedies regarding his allegedly excessive bail. "It seems clear that state habeas corpus is available to challenge pretrial denials or fixing of bail." Garson v. Pearlman, 541 F. Supp. 2d 515, 520 (E.D.N.Y. 2008). Petitioner has not presented any facts showing that he has challenged his bail through this state's

corrective process before petitioning this Court. Accordingly, his Petition challenging excessive bail is <u>sua sponte</u> dismissed.

CONCLUSION

Petitioner may refile his claims after he has exhausted his state remedies. Until then, his Amended Petition is DISMISSED WITHOUT PREJUDICE. The Court indicates that it will not issue a Certificate of Appealability pursuant to 28 U.S.C. 253(c)(1). It certifies pursuant to 28 U.S.C. 1915(a) that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: August 3, 2011
Central Islip, New York